IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICIA MONROE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | JURY TRIAL DEMANDED |
| vs. | : | |
| | : | |
| CKS FINANCIAL, LLC | : | |
| | : | NO: 3:16-CV-00086-WJN |
| Defendant | : | (JUDGE WILLIAM J. NEALON) |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES AND
COUNTERCLAIM**

Defendant, Webcollex LLC d/b/a CKS Financial, incorrectly identified as

CKS Financial LLC, through its attorneys, Abrahamsen, Conaboy & Abrahamsen,

P.C., submits the within Answer with Affirmative Defenses and Counterclaim to

Plaintiff's Complaint and avers the following:

1.     Denied.  The averments contained in this paragraph constitute

conclusions of law to which no response is required.  To the extent that the same

are deemed factual, said averments are specifically denied with strict proof

demand.

2.     Admitted.

3.     Admitted.

4.     Admitted upon information and belief.

5.    Denied.  Plaintiff's Complaint incorrectly identifies the Defendant. The correct identity of the Defendant is Webcollex LLC d/b/a CKS Financial.  The principal place of business of Webcollex LLC d/b/a CKS Financial is 505 Independence Parkway, Suite 300, Chesapeake, VA 23320.  Webcollex LLC d/b/a CKS Financial is a "debt collector" as defined by 15 U.S.C.A. §1692a(6).

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.   Admitted.

11.   Denied.  The averments contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that the same are deemed factual, said averments are specifically denied with strict proof demand.

12.   Denied.

13.   Denied.  The averments contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that the same are deemed factual, said averments are specifically denied with strict proof demand.

14.     Denied.

15.     Admitted.

16.     Denied.  The averments contained in this paragraph constitute conclusions of law to which no response is required.  To the extent that the same are deemed factual, said averments are specifically denied with strict proof demand.

WHEREFORE, Defendant, Webcollex LLC d/b/a CKS Financial, incorrectly identified as CKS Financial LLC, demands that Plaintiff's Complaint be dismissed.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action under the Fair Debt Collection Practices Act upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages and defendant was not the proximate cause of any damages plaintiff may have suffered.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages.

## FOURTH AFFIRMATIVE DEFENSE

Defendant, at all material times with respect to plaintiff, acted in good faith.

## FIFTH AFFIRMATIVE DEFENSE

Defendant, at all material times and with respect to the plaintiff, complied with all federal and state laws.

## SIXTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was not caused by any act or admission of the defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was caused by plaintiff's own conduct or the conduct of third parties over which the defendant had no control or authority.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to join all necessary and/or indispensable parties.

## TENTH AFFIRMATIVE DEFENSE

Any violation of the FDCPA or any other statute is denied.  However, should the Court determine that a violation occurred, the same was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures

reasonably adopted to avoid such errors.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by res judicata.

WHEREFORE, the defendant demands that the Complaint of the plaintiff be dismissed.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff, Webcollex LLC d/b/a CKS Financial, incorrectly identified as CKS Financial LLC, through its attorneys, Abrahamsen, Conaboy & Abrahamsen, P.C., hereby complains against Plaintiff/Counterclaim Defendant, Alicia Monroe, as follows:

1.      Defendant/Counterclaim Plaintiff, Webcollex LLC d/b/a CKS Financial, incorrectly identified as CKS Financial LLC, is a Virginia limited liability company with its principal place of business located at 505 Independence Parkway, Suite 300, Chesapeake, VA.

2.      Plaintiff/Counterclaim Defendant, Alicia Monroe, is an adult and competent individual who resides at 1121 Rock Street, Scranton, Pennsylvania.

3.      At all times relevant hereto, Defendant/Counterclaim Plaintiff was engaged in the business of debt purchase and collection.

4.      Plaintiff/Counterclaim Defendant applied for and received a credit

card issued by World's Foremost Bank with the account number ending in 8219.

A true and correct copy of the application is attached hereto as Exhibit "A".

5.    The within account was sold by World's Foremost Bank to

Webcollex LLC for valuable consideration and all rights and accounts were

assigned to Webcollex LLC for collection.  <u>See</u> Bill of Sale and Assignment of

Assets, attached hereto as Exhibit "B".

6.    Use of the World's Foremost Bank credit card was subject to the

terms of the Cardmember Agreement, a copy of which was sent to the

Plaintiff/Counterclaim Defendant along with the credit card.  <u>See</u> Club Visa Terms

and Conditions, attached hereto as Exhibit "C".

7.    Plaintiff/Counterclaim Defendant did use the World's Foremost Bank

credit card account ending in 8219 for purchases, cash advances and/or balance

transfers.

8.    Plaintiff/Counterclaim Defendant was mailed account statements

relative to the Plaintiff/Counterclaim Defendant's use of the subject credit card.

<u>See</u> Card Statement attached hereto as Exhibit "D".

9.    Plaintiff/Counterclaim Defendant defaulted under the terms of

Agreement by failing an refusing to make monthly payments on the account when

they became due.

6

10.     Plaintiff/Counterclaim Defendant last made payment on her account on July 29, 2013.

11.     The amount due and owing was $2,706.21 at the time that World's Foremost Bank charged it off.

12.     Pursuant to the Cardmember Agreement, any unpaid balance accrues interest at the rate of 9.99% for purchases at Cabela's and a variable rate between 15.14% and 21.14% for other purchases.  See Exhibit C.

13.     The total amount due and owing the Defendant/Counterclaim Plaintiff s $2,706.21.

14.     Pursuant to the terms of the Cardmember Agreement, Plaintiff/Counterclaim Defendant is liable to the Defendant/Counterclaim Plaintiff for the delinquent balance and court costs.

WHEREFORE, Defendant/Counterclaim Plaintiff demands judgment in its favor and against Plaintiff/Counterclaim Defendant in the amount of $2,706.21, plus costs of suit and any other relief this Court deems just and appropriate.

Respectfully submitted,

BY: ___/s/ Kevin M. Conaboy_____
Kevin M. Conaboy, Esquire
Attorney ID No.: 84384
Abrahamsen, Conaboy & Abrahamsen, P.C.
1006 Pittston Avenue
Scranton, PA  18505
(570) 348-0200
kconaboy@law-aca.com

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin M. Conaboy, hereby certify that I caused the foregoing Answer With

Affirmative Defenses and Counterclaim to be served upon the following via ECF on

the 1st day of February, 2016:

Carlo Sabatini, Esquire
Sabatini Law Firm, LLC
216 N. Blakely Street
Dunmore, PA 18512

    /s/ Kevin M. Conaboy
    Kevin M. Conaboy, Esquire